UNITED STATES of America

v.

Thomas K. WILLIAMS, et al.

Crim. 83–00103–R.

United States District Court,
E.D. Virginia,
Richmond Division.

Oct. 7, 1985.

Gregory Welsh, Joseph Aronica, Asst. U.S. Atty., Richmond, Va., for plaintiff.

Thomas K. Williams, pro se.

## ORDER

WARRINER, District Judge.

Defendant Thomas K. Williams has moved the Court pursuant to Fed.R.Crim.P. 32(c)(3)(D) for a finding as to allegations of factual inaccuracies "in the presentence in-vestigation report or the summary of the report or part thereof."

I believe subsection (D) is intended to require findings from the bench prior to sentencing. Subsection (ii) thereof clearly indicates that contentions with respect to inaccuracies in the presentence report are to be dealt with and disposed of before the Court imposes sentence. This requirement serves the double purpose of requiring the judge to resolve the dispute in his own mind before he imposes sentence and of requiring the judge to resolve the dispute while the matter is still fresh in mind.

The last sentence of subsection (D) shows that the effect of any such findings are intended to apply beyond sentencing, specifically, they are to be considered by the Bureau of Prisons and by the Parole Commission. Thus I can understand why a prisoner who later discovers matter which is subject to dispute in his presentence report would want to correct the record. I do not believe subsection (D) gives him that vehicle, however, and I know of no other authority for the trial judge to make findings of fact months after the sentencing hearing when the issues of a case, once bright, may have become dull or may have completely faded.

Perhaps if a court had had "any factual inaccuracy" presented to it at sentencing which it had failed to make rulings with respect to, a subsequent motion would be in order. Frankly, I doubt even this since the rule contemplates the court making the finding prior to sentence and the court's neglect to do this should be called to its attention at that time. A defendant's failure to request the resolution of a factual inaccuracy until months later has precisely the same defects as noted above, the court's memory simply cannot be depended upon.

But in this case, the transcript of sentencing does not disclose any "comments of the defendant and his counsel or testimony or other information introduced by them"

alleging any factual inaccuracy.[1] I was not asked then to focus on the current issue and so I am even less able now to reconstruct an issue of fact which was not then presented.[2]

 It is true, as defendant argues, that the defense was not in orderly array on the morning of sentencing. After a hearing on the causes, I sought to resolve the problem. It was my impression at the time, and still is, that the resolution arrived at was reasonably satisfactory to defense counsel and to the Williams defendants.

Whatever the degree of satisfaction, the confusion was not brought about by any act or omission of the government or of the Court. To the contrary, the disarray was brought about by a decision of the defendants Williams to fire their lawyers on the eve of sentencing.[3] As I recall, the decision to fire the lawyers resulted from some fundamental disagreement as to tactics.[4] Mr. Williams states in a brief that the lawyers were fired because they had lied to him. I accepted the truth of the assertions which were made at the time of the hearing and concluded that the unilateral decision on the part of the defendants Williams could not properly be permitted to alter the long-set time for sentencing.[5]

Thus the excuse for not calling any inaccuracies to my attention, *i.e.*, the state of confusion, is an excuse for which the Williams derived whatever benefit they sought; they must also suffer whatever detriment resulted.

Finally, because I was concerned that no one, neither defendants nor counsel,[6] had concentrated on the presentence report prior to sentencing, I recessed in order to afford counsel and defendants an opportunity to review the reports.[7] I am satisfied that experienced and resourceful counsel would have called any pertinent inaccuracy to my attention. I am even more satisfied that the resourceful defendants, themselves, would have called any inaccuracy to my attention. None did so.[8]

For the foregoing reasons, the motion must be DISMISSED as timely and insofar as it may not be timely, it is DENIED.

 Defendant Thomas K. Williams has also moved the Court for a new trial. The government's reply brief has met the motion on its merits but the Court is unable to rule on the merits of the motion. Fed.R. Crim.P. 33 provides that a motion for a new trial based on newly discovered evidence filed while an appeal is pending may be granted by the trial court only on remand of the case. The appeal may render the motion for a new trial moot. If after remand defendant Thomas Williams still wants to pursue his motion for a new trial, this Court would then be permitted under Rule 33 to consider it on its merits.

The Court will not dismiss the motion since the two-year time limit set by Rule 33 does not appear to be tolled pending appeal. The Court will simply defer ruling until the matter is again brought to the attention of the Court by defendant Thomas Williams upon remand.

And it is so ORDERED.

1. Tr. sentencing, 29 Nov. 1984, p. 16–59.

2. Indeed, the issue raised by defendant Thomas Williams' motion was of marginal interest to the Court at sentencing, whatever its weight may be before the Parole Commission. Had it been seriously questioned by defendant Williams I simply would have disregarded it rather than waste time with the extensive evidentiary hearing the resolution of such a dispute would have entailed.

3. Tr. sentencing 29 Nov. 1984, p. 18–19.

4. Tr. motions hearing, 27 Nov. 1984, p. 8, 18.

5. Tr. motions hearing, 27 Nov. 1984, p. 14.

6. Counsel for Mrs. Williams indicated he hesitated even to review her presentence report when it was furnished to him prior to the sentencing date because of the questions surrounding his continued representation of Mrs. Williams. Tr. motions hearing, 27 Nov. 1984 p. 27.

7. Tr. motions hearing, 29 Nov. 1984 p. 52.

8. The allocution was extraordinarily lengthy, running from p. 16 through p. 59, Tr. sentencing, 29 Nov. 1984.