846 F.2d 75
UnPublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Richard P. SHANKLIN, Defendant-Appellant.
 No. 87-7395.
 United States Court of Appeals, Fourth Circuit.
 Submitted March 14, 1988.
Decided April 28, 1988.
 
 Richard P. Shanklin, appellant pro se.
 Ellyn Marcus Lindsay, Office of United States Attorney, for appellee.
 Before JAMES DICKSON PHILLIPS, SPROUSE, and ERVIN, Circuit Judges.
 PER CURIAM:
 
 
 1
 Richard P. Shanklin, a federal inmate, appeals the district court's denial of a motion to correct his presentence investigation report. We affirm.
 
 
 2
 Pursuant to a plea agreement filed in the district court, Shanklin pled guilty to one count of using an unauthorized access device to obtain something of value aggregating over $1,000, in violation of 18 U.S.C. Sec. 1029(a)(2). The plea agreement contained a promise by Shanklin to pay full restitution to the various long distance carriers that he was accused of defrauding for all losses sustained due to his unauthorized use of their services. Shanklin admitted making numerous unauthorized telephone calls using fraudulent access codes and that charges for the calls amounted to over $1,000. The plea agreement noted, however, that the full amount of the loss resulting from Shanklin's unauthorized calls had not yet been determined.
 
 
 3
 At Shanklin's sentencing hearing, the district court asked Shanklin's attorney if he had an opportunity to go over the presentence report with his client. Counsel responded affirmatively. The court then asked whether there were any matters in the report which the defendant controverted. Defense counsel asserted three alleged defects in the report: (1) that Shanklin's "salient factor score" should be one point higher because the offense was not committed while Shanklin was on probation; (2) that a reference to an alleged admission by Shanklin that he stole $200 from a store where he had worked should be deleted from the report; and (3) that the total figure for restitution should be $8,205.28, not $9,260.29 as contained in the report. When asked by the trial court if there was anything else in the report which the defense controverted, counsel responded, "No. Other than that, it's fine."
 
 
 4
 The trial court accepted Shanklin's guilty plea. In sentencing Shanklin to four years in prison and ordering that he pay $8,205.28 in restitution, the court expressly indicated that it accepted the reduction in restitution requested by the defense and did not take into account either the alleged embezzlement or the purported error in the salient factor score. The court entered an order pursuant to Fed.R.Crim.P. 32(c)(3)(D) as to the controverted matters. Shanklin did not appeal his conviction.
 
 
 5
 On November 16, 1987, after several unsuccessful attempts at having his sentence delayed or reduced and for correction of his presentence report, Shanklin filed a "Motion to Correct Presentence Investigation Report," which is the subject of the present appeal. In the motion, purportedly brought pursuant to Fed.R.Crim.P. 32(c)(3)(D), Shanklin sought correction of alleged inaccuracies in his presentence investigation report, consisting of a statement that Shanklin had committed credit card fraud and the amount of restitution properly owing to the communications carriers. Shanklin claimed that the misinformation contained in the presentence report as to the credit card fraud and the amount defrauded the communication carriers adversely affected his custody level and parole eligibility date. The motion stated that Shanklin did not wish to withdraw his guilty plea or to invalidate the plea agreement. Shanklin conceded in the motion that, prior to sentencing, he had "ample time to read and review his [presentence report]." He claimed, however, that the allegedly inflated dollar amount for restitution was not included in the report until after sentencing and that the plea agreement did not contain the restitution amount.
 
 
 6
 The district court denied the motion, noting that "the only matters controverted at the sentencing were responded to by the court and written findings entered with regard thereto." This appeal followed.
 
 
 7
 The district court properly denied Shanklin's motion to correct his presentence report. The sentencing court complied with Fed.R.Crim.P. 32(c)(3)(D) by giving Shanklin the opportunity to controvert matters in his presentence report and by ruling on those matters controverted. See Fed.R.Crim.P. 32(c)(3)(D); United States v. Hill, 766 F.2d 856 (4th Cir.), cert. denied, 474 U.S. 923 (1985). Shanklin's failure to object to the contents of the presentence report and his counsel's concession as to its accuracy at the sentencing hearing precluded rendition of the relief sought by Shanklin in the instant motion. See United States v. Brown, 715 F.2d 387, 389 (8th Cir.1983); United States v. Williams, 618 F.Supp. 1419, 1420 (E.D.Va.1985), aff'd, 785 F.2d 306 (1986). Further, insofar as Shanklin complains that the information contained in the presentence report may adversely affect custody or parole determinations, any remedy he may have lies in a habeas corpus action filed pursuant to 28 U.S.C. Sec. 2241, after exhaustion of administrative remedies. See United States v. Addonizio, 442 U.S. 178 (1979); United States v. Leqrano, 659 F.2d 17 (4th Cir.1981).
 
 
 8
 We dispense with oral argument because the dispositive issues have recently been decided authoritatively.
 
 
 9
 AFFIRMED.