873 F.2d 1441
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Keith A. CAMPBELL, Defendant-Appellant.
 No. 87-7745.
 United States Court of Appeals, Fourth Circuit.
 Submitted: Jan. 27, 1989.
Decided: April 7, 1989.
 
 Keith A. Campbell, appellant pro se.
 John C. Belcher (Office of the United States Attorney), for appellee.
 Before K.K. HALL, SPROUSE and WILKINSON, Circuit Judges.
 PER CURIAM:
 
 
 1
 Keith Anthony Campbell appeals[1] the district court's denial of relief on his motion to correct an illegal sentence filed under Fed.R.Crim.P. 32(c)(3)(D) and 35(a). Campbell asserted in his motion that there were errors in his presentence report, the parole guidelines listed on the report were incorrect, the information controverted at sentencing was not corrected, the Parole Commission and Bureau of Prisons have relied on inaccurate, controverted information, and he was not present as required by Fed.R.Crim.P. 43(a) when a count was dismissed. The district court denied relief, noting the lateness of the motion and finding it without merit. With one modification, we affirm.
 
 
 2
 We note first that Rule 32 provides the district court with no independent jurisdiction to consider a post-judgment challenge to sentence. See United States v. Fischer, 821 F.2d 557 (11th Cir.1987); United States v. Ursillo, 786 F.2d 66 (2d Cir.1986); United States v. Williams, 618 F.Supp. 1419 (E.D.Va.1985), aff'd, 785 F.2d 306 (4th Cir.1986). Moreover, because Campbell's motion was not filed within the period allowed by Rule 35 for correcting a sentence imposed in an illegal manner,[2] it may only be considered as a motion to correct an illegal sentence under Rule 35 or as a motion to vacate or correct sentence under 28 U.S.C. Sec. 2255. See Andrews v. United States, 373 U.S. 334, 338 (1963) (noting that adjudication on underlying merits of claim is not hampered by reliance upon whether petitioner labeled pleading as being brought under Rule 35 or Sec. 2255).
 
 
 3
 Campbell's Rule 43 contention is without merit. There is no illegality deriving from the dismissal of one count by written motion and order rather than in open court in Campbell's presence. Also without merit is Campbell's claim that the parole guidelines listed in the presentence report were incorrect; the court's consideration of a false prediction, as opposed to a false fact, does not undermine the validity of the sentence. United States v. Dean, 752 F.2d 535 (11th Cir.1985), cert. denied, 479 U.S. 824 (1986); United States v. Coyer, 732 F.2d 196 (D.C. Cir.1984).
 
 
 4
 To establish the illegality or unconstitutionality of his sentence based on an alleged failure to correct errors in his presentence report Campbell must show that the challenged information is false and that the court relied on the information in determining the sentence. See United States v. Eschweiler, 782 F.2d 1385, 1387 (7th Cir.1986). The defendant has the burden of showing materially inaccurate information and the court's reliance on it. United States v. Tooker, 747 F.2d 975, 978-80 (5th Cir.1984), cert. denied, 471 U.S. 1021 (1985).
 
 
 5
 Campbell has failed to meet this burden. His motion does not allege reliance by the district court on challenged misinformation in determining sentence, and the transcript of his sentencing establishes no such reliance. At sentencing, Campbell's counsel pointed out to the court certain discrepancies between the criminal record shown in the report before the court and that shown in a presentence report prepared for use in Maryland. The court made it clear that it would not consider any charges which reflected an unknown disposition but would give Campbell the benefit of the doubt on those. Although the court was not as explicit in its treatment of certain other discrepancies, it is apparent from the context that the court gave Campbell the benefit of the doubt on those as well, not considering information in the court's report that was less favorable than information in the Maryland report. Moreover, these discrepancies were not of sufficient significance that they would have been considered by the court in determining sentence. In addition to the discrepancies in Campbell's prior record, counsel also offered corrections to the effect that Campbell's parents were deceased, Campbell had a four-year college education, and Campbell had been using cocaine heavily at the time of the offense. The district court accepted these corrections.
 
 
 6
 As review of the transcript reveals no reliance by the court on material misinformation in determining Campbell's sentence, the district court properly denied Campbell's request for resentencing.
 
 
 7
 Campbell also sought, however, enforcement of the requirement in Rule 32(c)(3)(D) that a written record of the sentencing court's findings and determinations on controverted information be appended to and accompany any copy of the presentence report thereafter made available to the Bureau of Prisons or the Parole Commission. Other circuits have directed compliance with this appending requirement upon motion filed under 28 U.S.C. Sec. 2255, reasoning that the requirement, though ministerial in nature, has fundamental consequences for the post-sentencing lives of criminal defendants and that a defendant may not discover the noncompliance until after his appeal and after expiration of the time for moving to correct an illegally imposed sentence. See United States v. Gattas, 862 F.2d 1432 (10th Cir.1988); Poor Thunder v. United States, 810 F.2d 817, 826 (8th Cir.1987); cf. Kramer v. United States, 788 F.2d 1229, 1231 (7th Cir.1986).
 
 
 8
 Liberally construed, Campbell's motion invokes this authority. We accordingly remand for compliance with the appending requirement. A written record of the district court's findings as to Campbell's allegations which were accepted as true and of its determinations as to those matters which were not taken into account in sentencing should be attached to the presentence report, and copies of the report, with attachment, forwarded to the Bureau of Prisons and the Parole Commission. With that modification, the order of the district court denying relief is affirmed. We dispense with oral argument because the dispositive issues recently have been decided authoritatively.
 
 
 9
 REMANDED AND AFFIRMED AS MODIFIED.
 
 
 
 [1]
 The appeal is timely under Houston v. Lack, 56 U.S.L.W. 4728 (U.S. June 24, 1988) (No. 87-5428)
 
 
 [2]
 This Court affirmed Campbell's conviction on August 26, 1986, and the Supreme Court denied certiorari on December 1, 1986. United States v. Campbell, No. 85-5295 (4th Cir. Aug. 26, 1986) (unpublished), cert. denied, No. 86-5737 (U.S. Dec. 1, 1986). Under Rule 35, Campbell would have had to file a motion to correct a sentence imposed in an illegal manner by March 31, 1987. This motion was filed October 5, 1987