**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Stephen Larned ENGS,**
**Defendant–Appellant.**

No. 89–1051
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Oct. 6, 1989.

Stephen L. Engs, Bastrop, Tex., pro se.

James P. Laurence, Asst. U.S. Atty., Amarillo, Tex. and Marvin Collins, U.S. Atty., Ft. Worth, Tex., for plaintiff-appellee.

Before REAVLEY, KING and JOHNSON, Circuit Judges.

KING, Circuit Judge:

Stephen L. Engs, a federal prisoner sentenced in 1983 for escape and check counterfeiting, filed a *pro se* motion to correct his presentence investigation report, purportedly under Rule 32(c)(3)(D) of the Federal Rules of Criminal Procedure. The district court denied his motion as untimely and beyond the jurisdiction of the court. This appeal followed. Based on our conclusion that the district court lacked jurisdiction to hear a postsentence motion based solely on Rule 32, we affirm.

I.

Engs pleaded guilty to escape from custody and to counterfeiting cashier checks with intent to defraud banking institutions, violations of 18 U.S.C. §§ 752 and 493, respectively. Pursuant to a plea bargain, Engs pleaded guilty to one count of a seven count indictment, and to four related informations or indictments. In exchange, the government dismissed counts two through seven of the first indictment, and agreed not to proceed against the defendant for similar offenses in eight other federal districts. On September 7, 1983, the district court sentenced Engs to prison terms totaling 15 years and ordered him to make $31,315.57 in restitution. At his sentencing hearing, Engs responded affirmatively to the district judge's questions as to whether Engs had received a copy of the presentence investigation (PSI) report, had had sufficient time to review it, had discussed it with his attorney, and whether the contents of the report were accurate.

Engs did not file a direct appeal. Shortly after sentencing, he filed a Rule 35 motion to reduce sentence, in which he raised no

claims of inaccurate PSI information or violations of Fed.R.Crim.P. 32. The district court denied the motion.

■ On November 22, 1988, Engs filed a motion to correct his presentence investigation report "pursuant to Rule 32(c)(3)(D)," contesting a statement in the report that he was involved in forging over $264,704 of counterfeit cashier checks during the 1983 criminal escapade for which he is currently incarcerated. Engs claims that this figure should be corrected to reflect only the amount of restitution that the judge ordered him to repay, $31,315.57.[1] The district judge denied his motion as untimely and beyond the court's jurisdiction.

In his "Rule 32" motion, and now on appeal, Engs does not challenge the length of sentence originally imposed. Nor does he allege that the district judge relied on erroneous information in reaching her determination of sentence. Rather, he seeks an amendment to his PSI report in order to receive a more favorable parole status.[2]

■ No reported Fifth Circuit cases have squarely addressed the issue of whether Rule 32 of the Federal Rules of Criminal Procedure furnishes an independent jurisdictional ground for attacking the accuracy of a PSI report after sentence has been imposed.[3] Other courts addressing the issue have determined that no postsentence jurisdiction exists based solely on Rule 32(c)(3)(D). *See United States v. Fischer,* 821 F.2d 557 (11th Cir.1987); *United States v. Williams,* 618 F.Supp. 1419 (E.D.Va. 1985), *aff'd,* 785 F.2d 306 (4th Cir.1986); *United States v. Sheela,* 667 F.Supp. 724 (D.Or.1987); *United States v. Burkhead,* 567 F.Supp. 1425 (W.D.Mo.1983). We concur with the conclusion reached in other jurisdictions.

## II.

A presentence investigation report is used not only by the trial judge in determining sentence, but by the Parole Commission in assessing parole status as well. 28 C.F.R. § 2.19(a)(3) (1988). Recognizing

---

1. Appellant Engs apparently misapprehends the permissible contents of a PSI report as well as the scope of information that the Parole Commission may consider in reaching its determinations. For offenses committed prior to November 1, 1987, Fed.R.Crim.P. 32(c)(2) provides that the PSI may contain a statement of the "circumstances" of the offenses and "any other information that may aid the court in sentencing." In assessing parole status, the Commission may "take into account any substantial information available to it in establishing the prisoner's offense severity rating, salient factor score, and any aggravating or mitigating circumstances." 28 C.F.R. § 2.19 (1988).

Shortly after his arrest, Engs gave a sworn statement to a Secret Service agent. The transcript of his taped statement establishes that Engs admitted to counterfeiting approximately $500,000 of cashier checks and to transferring a portion of those, receiving a total of over $200,-000 in cash, property and services. As part of a plea bargain, the government did not proceed against Engs for many of the offenses committed during his check-cashing escapade. However, "the Commission may consider dismissed counts of an indictment, hearsay evidence, and allegations of criminal activity for which the prisoner has not even been charged." *Maddox v. United States Parole Comm'n,* 821 F.2d 997, 999 (5th Cir.1987). Thus, it is not error for Engs' PSI to contain a statement regarding the total amount of financial loss suffered by banking institutions he victimized—where Engs own

statement provides a factual basis for the amount—even though he was not charged with all of these offenses.

2. The U.S. Parole Commission has established guidelines for determining parole eligibility. Under the Commission's "Offense Behavior Severity Index," passing or possessing counterfeit checks with a total face value of over $200,000 (as reflected in his PSI report) places Engs in Category Five. If the face value of the checks were less than $40,000, he would be graded as Category Three. 28 C.F.R. § 2.20, chap. 3, subchap. E (1988).

3. This circuit has recognized Rule 32(c)(3)(D) procedural challenges on direct appeal of a conviction and in Rule 35 motions to correct or reduce sentence. *See United States v. Lawal,* 810 F.2d 491 (5th Cir.1987) (on direct appeal of conviction, resentencing ordered where district court failed to provide clear record of presentence resolution of contested PSI material); *United States v. Velasquez,* 748 F.2d 972, 974 (5th Cir.1984) (Rule 35 permits a court to correct sentences imposed in an illegal manner by failure to comply with procedural requirements of Rule 32(c)(3)(D)); *see also United States v. Weintraub,* 871 F.2d 1257, 1266 (5th Cir.1989) (violations of Rule 32 that could have been raised on direct appeal or through a Rule 35 motion are not cognizable in a § 2255 habeas proceeding); *United States v. Smith,* 844 F.2d 203, 207 (5th Cir.1988) (same).

the crucial role that a PSI report plays in the treatment of a criminal defendant, Congress has enacted several amendments to Rule 32 in recent years to help ensure the accuracy of these reports. Under the 1983 amendments to Rule 32, a defendant and his attorney must be given a reasonable opportunity prior to sentencing to review the PSI. Fed.R.Crim.P. 32(c)(3)(A). In addition, subsection (c)(3)(D) provides:

> If the comments of the defendant and his counsel or testimony or other information introduced by them allege any factual inaccuracy in the presentence investigation report or the summary of the report or part thereof, the court shall, as to each matter controverted, make (i) a finding as to the allegation, or (ii) a determination that no such finding is necessary because the matter controverted will not be taken into account in sentencing. A written record of such findings and determinations shall be appended to and accompany any copy of the presentence investigation report thereafter made available to the Bureau of Prisons or the Parole Commission.

Fed.R.Crim.P. 32(c)(3)(D) (1983).

Rule 32(c)(3)(D) serves two important functions. First, it ensures that a defendant receives a fair sentence based on accurate information. Second, it ensures that a clear record of the resolution of disputed facts is available. *United States v. Lawal*, 810 F.2d 491, 493 (5th Cir.1987). However, the language of Rule 32(c)(3)(D) offers no basis for empowering the sentencing court to hear *postsentence* challenges to the PSI report. The Rule contemplates that a defendant or defendant's counsel will raise allegations of PSI errors before sentencing, when correction of factual inaccuracies will most benefit the defendant. This conclusion is supported by the 1983 amendment to Rule 32(c)(1)(A), which requires a judicial determination that the defendant and his attorney have had the opportunity to read and to discuss the report.[4]

The requirement of resolving disputes prior to sentencing demands that the judge resolve the matter before the contested facts could affect determination of sentence, and allows resolution when evidence is best available and while the circumstances of the defendant's case are still fresh in the judge's mind. *See United States v. Williams*, 618 F.Supp. 1419, 1420 (E.D.Va. 1985), *aff'd* 785 F.2d 306 (4th Cir.1986). Once sentence is imposed, the district court's jurisdiction over the defendant becomes very limited. Execution of the sentence lies with the Bureau of Prisons and the Parole Commission.

Of course, in requiring the sentencing judge to inform parole authorities of findings and determinations of contested PSI matters, the 1983 amendment to Rule 32(c)(3)(D) clearly envisions the continuing impact a PSI report has on parole determinations. The Advisory Committee's comments to the 1983 amendments stress that "[t]he defendant's interest in an accurate and reliable presentence report does not cease with the imposition of sentence. Rather, these interests are implicated at later stages in the correctional process by the continued use of the presentence report as a basic source of information in the handling of the defendant." Fed.R.Crim.P. 32(a)(1) advisory committee note (1983 amendment) (quoting Fennell & Hall, *Due Process at Sentencing: An Empirical and Legal Analysis of the Disclosure of Presentence Reports in Federal Courts*, 93 Harv.L.Rev. 1613, 1651 (1980)). Although this language recognizes the future importance of a PSI to a defendant, neither Rule 32(c)(3)(D) nor the Advisory Committee comments suggest that a sentencing

---

**4.** We note that Engs raises for the first time on appeal a Rule 32(c)(1)(A) violation, namely that the district court did not inquire if he had discussed the PSI report with his attorney. For the reasons indicated in our opinion, we do not have jurisdiction to decide this Rule 32 issue. We note, however, that even if this issue could be raised for the first time in an appeal, *see Velasquez*, 748 F.2d at 973–74, the official transcript of the sentencing proceeding clearly indicates that Engs was asked this question and replied yes. Engs nonetheless claims that he in fact did not discuss his PSI report with counsel; however, his testimony belies this assertion, and carries "a strong presumption of verity." *Smith*, 844 F.2d at 208. Moreover, Engs declined the judge's offer of additional time to review the report.

judge is obligated, almost five years after sentencing, to correct an alleged error in a presentence investigation report that the defendant failed to raise at the time of sentencing. We interpret Rule 32 as reflecting Congress' intention to provide a vehicle through which a defendant can discover and remedy PSI inaccuracies at the optimum time—before sentence is imposed.

Moreover, there are other ways to correct erroneous PSI assertions that were not contested prior to sentencing. Under federal parole regulations, Engs may dispute the accuracy of any information used by the Parole Commission in establishing his parole status, and the Commission must resolve such a dispute by a preponderance of the evidence standard. 28 C.F.R. § 2.19(c) (1988). Engs may also appeal a parole decision to the National Appeals Board. An appeal may be based on the ground that "a decision was based on erroneous information and the actual facts justify a different decision." 28 C.F.R. § 2.26(e)(4) (1988). Finally, the Bureau of Prisons has created an Administrative Remedy Procedure "through which an inmate may seek formal review of a complaint which relates to any aspect of his imprisonment if less formal procedures have not resolved the matter." 28 C.F.R. § 542.10 *et seq.* *See Maynard v. Havenstrite,* 727 F.2d 439, 441 (5th Cir.1984).

### III.

In sum, we conclude that complaints regarding the contents of a presentence investigation report must be raised prior to the imposition of sentence. The district court correctly determined that it lacked jurisdiction under Fed.R.Crim.P. 32 to reach the substantive issues of Engs' motion.

AFFIRMED.