902 F.2d 1566
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Joseph Albert JARRETT, Sr., Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Joseph Albert JARRETT, Sr., Defendant-Appellant.
 No. 89-6705, 89-7068.
 United States Court of Appeals, Fourth Circuit.
 Submitted Nov. 29, 1989.
Decided April 20, 1990.
 
 Appeals from the United States District Court for the Middle District of North Carolina, at Greensboro. Frank W. Bullock, Jr., District Judge. (CR No. 87-64-G)
 Joseph Albert Jarrett, Sr., pro se.
 Paul Alexander Weinman, Office of the United States Attorney, Greensboro, N.C., for appellee.
 M.D.N.C.
 AFFIRMED IN PART, DISMISSED IN PART.
 Before DONALD RUSSELL, WIDENER and PHILLIPS, Circuit Judges.
 PER CURIAM:
 
 
 1
 Joseph Albert Jarrett, Sr., appeals the district court's denial of his two motions for relief under Fed.R.Crim.P. 35(b) (No. 89-7068). He also appeals the district court's denial of his motion for reconsideration of the second Rule 35(b) denial and the district court denial of his motion to vacate his sentence, which we construe as a motion for relief pursuant to 28 U.S.C. Sec. 2255 (No. 89-6705). We dismiss No. 89-7068 and we affirm the district court's order in No. 89-6705.
 
 
 2
 Jarrett's February 16, 1989,[1] notice of appeal, which is at issue in No. 89-7068, appealed two district court orders: (1) the district court's December 30, 1988, denial of Jarrett's Fed.R.Crim.P. 35(b) motion; and (2) the district court's February 8, 1989, order construing documents that Jarrett filed in January 1989 as a second motion for Rule 35(b) relief and denying that motion as untimely. As Jarrett recognized, his notice of appeal was untimely as to the December 30 order, as the appeal period for that order was 10 days. Fed.R.App.P. 4(b); United States v. Breit, 754 F,2d 526, 528-29 (4th Cir.1985); United States v. Guiterrez, 556 F.2d 1217 (5th Cir.1977). The notice of appeal could not be construed as a motion for an extension of time to appeal because it was not filed within the 30-day period for filing such a motion. See United States v. Reyes, 759 F.2d 351, 353 (4th Cir.), cert. denied, 474 U.S. 857 (1985); Guiterrez, 556 F.2d at 1217-18. The time for filing an appeal was not extended by Jarrett's alleged failure to receive the district court's December 30 order in time to file his notice of appeal within the appeal period or the 30-day period for requesting an extension of time to appeal. Fed.R.Crim.P. 49(c). In addition, Jarrett's motion for reconsideration of the February 8 order, which was filed and served at the same time as his timely notice of appeal, nullified his appeal of the February 8 order and tolled the time for filing an appeal until the disposition of that order. United States v. Gargano, 826 F.2d 610, 611-12 (7th Cir.1987) (motion for reconsideration of ruling on Rule 35 motion). Accordingly, because Jarrett's February 16 notice of appeal was not timely and valid as to any district court order, we dismiss No. 89-7068.
 
 
 3
 We do, however, have jurisdiction in No. 89-6705, which appeals the district court's May 26, 1989, order denying two motions: (1) Jarrett's February motion for reconsideration of the district court's order denying his second Rule 35(b) motion,[2] and (2) Jarrett's motion to vacate his sentence.
 
 
 4
 We find no error in the district court's denial of Jarrett's motion for reconsideration of the district court's second order denying relief under Rule 35(b). The district court correctly found that the second Rule 35(b) motion was untimely, as it was filed more than 120 days after this Court's mandate was filed in the district court.
 
 
 5
 We also find no error in the district court's disposition of Jarrett's motion to vacate his sentence. Jarrett purported to file this motion under Fed.R.Crim.P. 32, as the motion for the most part complains of errors in Jarrett's presentence report and alleged violations of Rule 32 during sentencing. Rule 32 does not give a district court independent jurisdiction to consider a postjudgment challenge to sentence, however. See United States v. Engs, 884 F.2d 894 (5th Cir.1989); United States v. Giaimo, 880 F.2d 1561 (2d Cir.1989); United States v. Sarduy, 838 F.2d 157, 158 (6th Cir.1988); United States v. Fischer, 821 F.2d 557 (11th Cir.1987); United States v. Williams, 618 F.Supp. 1419, 1420 (E.D.Va.1985), aff'd, 785 F.2d 306 (4th Cir.1986). Accordingly, we construe Jarrett's motion as a 28 U.S.C. Sec. 2255 motion to vacate his sentence.
 
 
 6
 Our examination of the record has revealed no errors of constitutional magnitude in Jarrett's sentencing proceedings. See United States v. Emanuel, 869 F.2d 795 (4th Cir.1989) (defendant waives nonconstitutional Rule 32 errors by failing to raise them on direct appeal). Jarrett cites numerous alleged inaccuracies in his presentence report. Our examination of the record reveals that some of Jarrett's allegations are refuted by the record and that the remainder were immaterial--i.e., the district court would not reasonably have relied on the allegedly inaccurate statements in imposing sentence. Jarrett also asserts that his attorney was ineffective for failing to bring the alleged inaccuracies and Rule 32 errors to the district court's attention. Jarrett was not prejudiced by any alleged deficiencies on his attorney's part, however. As was noted above, there is nothing in the record which suggests that the district court relied on materially inaccurate information in sentencing. Thus, there is no reasonable probability that Jarrett's attorney's alleged derelictions affected the outcome of the sentencing proceeding. See Strickland v. Washington, 466 U.S. 668 (1984).
 
 
 7
 Accordingly, we affirm the judgment of the district court in No. 89-6705. As was stated above, No. 89-7068 is dismissed for lack of jurisdiction. We dispense with oral argument because the facts and legal arguments are adequately presented in the materials before the Court and oral argument would not significantly aid the decisional process. Jarrett's motions to enlarge the record are granted.
 
 
 8
 No. 89-6705--AFFIRMED.
 
 
 9
 No. 89-7068--DISMISSED.
 
 
 
 [1]
 For the purposes of determining the timeliness of Jarrett's documents, we are treating the date that Jarrett says he mailed the documents as the date that they were filed. See Houston v. Lack, 56 U.S.L.W. 4728 (U.S. June 24, 1988) (No. 87-5428)
 
 
 [2]
 Jarrett's notice of appeal was mailed 11 days after this order was entered. It was therefore untimely. Unlike Jarrett's first notice of appeal, however, this notice of appeal was filed during the period for filing a motion for an extension of time to appeal. As the notice of appeal is accompanied by a statement by a prison employee that Jarrett did not receive the district court's order until June 5, which was the final day of the appeal period, we conclude that the district court would grant Jarrett an extension of time to appeal. We therefore decline to remand for a formal ruling on the extension issue. Reyes, 759 F.2d at 354