**UNITED STATES of America, Plaintiff,**

v.

**Thompson B. SANDERS, Defendant.**

**No. 92 C 1472.**

United States District Court,
N.D. Illinois, E.D.

July 8, 1992.

Thompson Sanders, pro se.

## MEMORANDUM OPINION AND ORDER

ASPEN, District Judge:

Petitioner Thompson Sanders has filed a motion for findings of fact pursuant to Fed.R.Crim.P. 32(c)(3)(D), and for modification of sentence under 28 U.S.C. § 2255. For the reasons set forth below, the motion is denied.

### I.

Sanders, a former Chicago Board of Trade member, and three co-defendants were charged in an eleven-count superseding indictment, returned on July 5, 1988. Count I charged Sanders with conspiring to commit wire fraud in violation of 18 U.S.C. § 1343, and conspiring to violate 7 U.S.C. §§ 6h and 13. Counts II through VI charged Sanders with acts of wire fraud in violation of 18 U.S.C. § 1343. Count VII charged Sanders with interstate transportation of property acquired by means of fraud in violation of 18 U.S.C. § 2314. Finally, Counts VIII through XI charged him with violations of 7 U.S.C. §§ 6h and 13 by aiding and abetting a co-defendant's misrepresentation that the latter was an agent of a member of a contract market in handling an order.

Following a jury trial, on September 14, 1988, Sanders was convicted on all counts. On November 3, 1988, this court sentenced Sanders to the custody of the Attorney General for a period of six years on Count I, and fined him $250,000 on Count II and $50,000 on Count III. On the remaining counts, we sentenced Sanders to a period of five years probation, to be served subsequent to his imprisonment. Because we initially had imposed a term of incarceration in excess of the statutory maximum, on February 27, 1990, the court resentenced Sanders to a period of five years in the custody of the Attorney General on Count I.

The gravamen of Sanders' present *pro se* motion is that the Presentence Investigation Report ("PSI") employed to sentence petitioner contained erroneous statements of fact, and that his counsel's failure to correct these misstatements constitutes ineffective assistance of counsel.

### II.

■ As a threshold matter, we will discuss the vehicles of redress a defendant may have in the event his or her PSI contains factual inaccuracies. Ideally, a defendant who believes the PSI contains erroneous factual statements should voice this contention prior to, or during, sentencing, thereby allowing the court to resolve these matters pursuant to Rule 32 of the Federal Rules of Criminal Procedure. As amended by the Sentencing Reform Act, Rule 32 "provides for focused, adversarial development of the factual and legal issues relevant to determining the appropriate Guidelines sentence." *Burns v. United States,* — U.S. ——, 111 S.Ct. 2182, 2185, 115 L.Ed.2d 123 (1991). To that end, Rule 32(c)(3)(D) declares:

> If the comments of the defendant and the defendant's counsel or testimony or other information introduced by them allege any factual inaccuracy in the presentence investigation report or the summary of the report or part thereof, the court shall, as to each matter controverted, make (i) a finding as to the allegation, or (ii) a determination that no such finding is necessary because the matter controverted will not be taken into account in sentencing. A written record of such findings and determinations shall be appended to and accompany any copy of the presentence investigation report thereafter made available to the Bureau of Prisons.

Fed.R.Crim.P. 32(c)(3)(D) (1991). Rule 32(c)(3)(D) serves a dual purpose, ensuring (1) that a defendant receives a fair sentence

based on accurate information, and (2) that a clear record of the resolution of disputed facts is available. *United States v. Musa,* 946 F.2d 1297, 1307 (7th Cir.1991); *United States v. Engs,* 884 F.2d 894, 896 (5th Cir. 1989). In order to establish a Rule 32(c)(3)(D) violation warranting resentencing, a defendant must show "that (1) allegations of inaccuracy were before the sentencing court and (2) the court failed to make findings regarding the controverted matters or a determination that the disputed information would not be used in sentencing." *United States v. Eschweiler,* 782 F.2d 1385, 1389 (7th Cir.1986). In the instant case, however, Sanders raises the purported inaccuracies in his PSI over two years after his second sentencing hearing. In the absence of such allegations at the time of sentencing, Rule 32(c)(3)(D) could not have been violated.[1] And, regardless of whether the PSI genuinely contained factual inaccuracies, in the absence of a challenge at sentencing, this court lacks jurisdiction under Rule 32 to correct such misstatements of fact post-sentencing. *See United States v. Giaimo,* 880 F.2d 1561, 1563 (2d Cir.1989); *Engs,* 884 F.2d at 895; *United States v. Sarduy,* 838 F.2d 157, 158 (6th Cir.1988); *cf. United States v. Hart,* 922 F.2d 613, 615 (10th Cir.1990) (reviewing denial of Rule 32 motion where defendant's counsel challenged the PSI's factual accuracy at sentencing).

■ As Sanders correctly notes, independent of Rule 32, a defendant possesses a federal constitutional right to be sentenced on the basis of accurate information. *See Townsend v. Burke,* 334 U.S. 736, 741, 68 S.Ct. 1252, 1255, 92 L.Ed. 1690 (1948);

*Musa,* 946 F.2d at 1306; *United States v. Harris,* 558 F.2d 366, 375 (7th Cir.1977). To the extent that Sanders can "raise grave doubt as to the veracity of the information and show that the court relied on that false information in determining [his] sentence," he must be resentenced as a matter of due process. *See Eschweiler,* 782 F.2d at 1387; *United States ex rel. Welch v. Lane,* 738 F.2d 863, 865 (7th Cir. 1984). Generally, as a means of redress, Sanders may seek resentencing for such a constitutional violation by employing either Fed.R.Crim.P. 35, or 28 U.S.C. § 2255. Rule 35(a) of the Federal Rules of Criminal Procedure, prior to its amendment effective December 1, 1991,[2] granted the sentencing court jurisdiction to correct a sentence imposed in an illegal manner within 120 days after sentencing. Sanders, however, has waited over two years from the date of his second sentencing hearing to petition this court for relief. As such, his only method of recourse must come in accordance with the dictates of § 2255.

■ Pursuant to § 2255, a federal prisoner claiming that his sentence was imposed in violation of the Constitution or the laws of the United States may, at any time, "move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255 (1992). As a collateral attack on the criminal judgment, however, claims brought pursuant to § 2255 must overcome the obstacle of the procedural default doctrine. As stated by the Seventh Circuit in *Nevarez–Diaz v. United States,* 870 F.2d 417, 422 (7th Cir. 1989), "a defendant may not raise on collateral attack even constitutional claims that

---

1. There can be no doubt that Sanders was afforded an opportunity to correct any alleged inaccuracies in the PSI prior to sentencing. This court specifically asked Sanders' attorneys whether the defense had reviewed the PSI, to which they answered in the affirmative. We continued by asking: "Are there any additions or corrections you wish to make?" Transcript of Sentencing, Nov. 3, 1988, at 2, lines 19–20. Sanders, through his attorneys, did not voice any dispute with the factual representations contained in the PSI, opting instead to proceed in mitigation. *Id.* at 2, lines 21–24.

2. Effective December 1, 1991, Rule 35(c) provides: "The court acting within 7 days after the

imposition of sentence, may correct a sentence that was imposed as a result of arithmetical, technical, or other clear error." In justifying the 7–day rule of Rule 35(c), the advisory committee noted that "a defendant detained pursuant to [a plainly illegal] sentence could seek relief under 28 U.S.C. § 2255 if the seven day period provided in Rule 35(c) has elapsed." Fed.R.Crim.P. 35(c) advisory committee's note. We give Sanders the benefit of the 120–day rule as he was charged, convicted, and sentenced for an offense committed prior to the effective date of amendment.

could have been raised earlier, unless the defendant can demonstrate cause for and prejudice resulting from the omission." *See also United States v. Frady,* 456 U.S. 152, 167, 102 S.Ct. 1584, 1594, 71 L.Ed.2d 816 (1982); *Davis v. United States,* 411 U.S. 233, 243–45, 93 S.Ct. 1577, 1583–84, 36 L.Ed.2d 216 (1973). It is undisputed that prior to this petition, Sanders has not raised before any court any objections, constitutional or otherwise, to the factual statements contained in the PSI. Sanders' current claim could have been raised on three earlier occasions: (1) in a presentencing motion under Fed.R.Crim.P. 32; (2) in a motion for correction or reduction of sentence under Fed.R.Crim.P. 35; and (3) on direct appeal from his conviction. Consequently, Sanders must show cause for and demonstrate prejudice from his failure to pursue those opportunities.

■ Sanders attributes his previous failure to challenge the purported factual inaccuracies contained in the PSI to ineffective assistance of counsel. Indeed, it is well established that performance constitutionally ineffective under the standard of *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), as opposed to mere ignorance or inadvertence, constitutes "cause" for a procedural default. *See Murray v. Carrier,* 477 U.S. 478, 492, 106 S.Ct. 2639, 2648, 91 L.Ed.2d 397 (1986). Finding the record sufficiently conclusive to obviate the need for an evidentiary hearing, we proceed to apply the *Strickland* test and evaluate the competency of Sanders' attorneys.

■ As enunciated in *Strickland,* a petitioner claiming that he was denied his Sixth Amendment right to effective assistance of counsel must demonstrate both "that his trial counsel's performance was constitutionally deficient and that 'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been differ-

ent.'" *United States v. Limehouse,* 950 F.2d 501, 503 (7th Cir.1991) (citing *Strickland,* 466 U.S. at 694, 104 S.Ct. at 2068), *cert. denied,* —— U.S. ——, 112 S.Ct. 1962, 118 L.Ed.2d 563 (1992). To establish that counsel's performance was constitutionally deficient a petitioner must show that his representation fell below an objective standard of reasonableness under prevailing professional norms, *Strickland,* 466 U.S. at 688, 104 S.Ct. at 2064, and "must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Id.* at 689, 104 S.Ct. at 2065 (quoting *Michel v. Louisiana,* 350 U.S. 91, 101, 76 S.Ct. 158, 164, 100 L.Ed. 83 (1955)). Sanders fails to carry this burden.

■ Sanders contends that his attorneys knew of the purported factual inaccuracies contained in the PSI prior to sentencing, but failed to correct such misstatements during the sentencing process. According to Sanders, his attorneys told him the statements in the PSI would not affect his sentence. Assuming the truth of Sanders' assertions, the circumstances describe a deliberate tactical decision by his attorneys and himself not to challenge the accuracy of the statements in question—conduct that cannot be labelled constitutionally deficient.[3] There is no question that such a decision may prove faulty in hindsight. Nevertheless, rather than focusing on the statements in the PSI, counsel opted instead to focus upon important factors in mitigation, *e.g.,* the relative culpability of the defendants, the amount of actual harm resulting from the criminal scheme, Sanders' background and the impact of incarceration on himself and his family, and recent sentences imposed in similar cases. *See* Transcript of Sentencing, Nov. 3, 1988, at 2, 31–45. We note that the question of whether statements contained in the PSI are in fact inaccurate is an issue within the competence of the defendant as a layper-

---

3. Our conclusion that the decision not to challenge the accuracy of factual statements contained in the PSI was a tactical decision, as opposed to incompetence, is supported by the extensive professional background of Sanders' attorneys. Both Dan Webb, a former United States Attorney for the Northern District of Illinois, and Steven J. Senderowitz, of Tenenbaum & Senderowitz, have considerable criminal trial experience. Webb is a nationally acclaimed trial lawyer, and Senderowitz is recognized as a securities specialist.

son. Indeed, Sanders concedes that he recognized prior to sentencing the alleged misstatements. True, it is plausible that his attorneys' advice dissuaded Sanders from raising the issue during his first sentencing hearing, being unaware of the impact of such information. Nevertheless, after sentencing, based on the statements of this court, a reasonable person should have recognized the impact of such factual statements contained in the PSI. After absorbing the workings of the initial sentencing process, Sanders was not only given the opportunity to raise the issue on direct appeal, but he was given a rare second chance during resentencing on February 27, 1990. Having failed to raise the purported inaccuracies himself, we can only conclude that he assented to his attorneys' advice, intentionally forsaking his opportunity to challenge those statements. That the consequences of his action later proved undesirable is insufficient to render his attorneys' performance objectively unreasonable. So long as counsel's performance was not constitutionally ineffective, we discern no inequity in requiring petitioner to "bear the risk of attorney error." *See Coleman v. Thompson,* —— U.S. ——, 111 S.Ct. 2546, 2566–67, 115 L.Ed.2d 640 (1991).

In the absence of constitutionally deficient assistance of counsel, Sanders' due process claim is procedurally barred, and his motion is denied.[4]

### III.

For the reasons set forth above, we deny Sanders' motion for findings of fact pursuant to Fed.R.Crim.P. 32(c)(3)(D), and for modification of sentence under 28 U.S.C. § 2255. It is so ordered.

4. In any event, even if the factual changes asserted by Sanders had been made at sentencing, those changes would have had no impact on the sentence imposed.