**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

_____

**No. 99-40660
Summary Calendar**

_____

**UNITED STATES OF AMERICA,**

**Plaintiff-Appellee,**

**versus**

**JACK C. HARVARD,**

**Defendant-Appellant.**

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:94-CR-52-1
--------------------
June 30, 2000

Before JOLLY, JONES and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Jack Harvard appeals from the district court's denial of his motion for the correction of his presentence report (PSR) pursuant to Fed. R. Crim. P. 32(c). He argues that the district court erred in placing the burden of proof on him to show that matters in the PSR were inaccurate or irrelevant, in denying him the right to call as a witness the probation officer responsible for preparing the PSR, and in finding that the contested allegations in the PSR were correct and thus properly included.

Even though the Government does not challenge this appeal on jurisdictional grounds, this court must always be sure of its appellate jurisdiction, and when there is doubt, the court must

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

address it, sua sponte if necessary. <u>United States v. Key</u>, 205 F.3d 773, 774 (5th Cir. 2000). In <u>United States v. Engs</u>, 884 F.2d 894 (5th Cir. 1989), we concluded that complaints regarding the contents of a PSR must be raised prior to the imposition of sentence and, thus, that a district court does not have jurisdiction to consider a postsentencing "Rule 32" motion to correct the PSR. *Id*. at 897. In light of <u>Engs</u>, the district court was without jurisdiction to entertain Harvard's Rule 32 motion. Accordingly, the judgment of the district court is VACATED, and the appeal is DISMISSED for lack of jurisdiction. *See e.g.*, <u>Key</u>, 205 F.3d at 775.

**JUDGMENT VACATED; APPEAL DISMISSED.**