**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**March 31, 2004**

**Charles R. Fulbruge III**
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

---

No. 03-10804
Summary Calendar

---

UNITED STATES OF AMERICA

                Plaintiff - Appellee

    v.

DWIGHT LYNN HARRILL

                Defendant - Appellant

--------------------
Consolidated with
No. 03-10805
--------------------

UNITED STATES OF AMERICA

                Plaintiff - Appellee

    v.

DWIGHT LYNN HARRILL

                Defendant - Appellant

--------------------
Consolidated with
No. 03-10806
--------------------

UNITED STATES OF AMERICA

                Plaintiff - Appellee

    v.

DWIGHT LYNN HARRILL

                Defendant - Appellant

--------------------
Consolidated with
No. 03-10807
--------------------

UNITED STATES OF AMERICA
                    Plaintiff - Appellee

    v.

DWIGHT LYNN HARRILL
                    Defendant - Appellant

--------------------
Appeals from the United States District Court
for the Northern District of Texas
USDC No. 3:91-CR-68-R
--------------------

Before KING, Chief Judge, and EMILIO M. GARZA and BENAVIDES,
Circuit Judges.

PER CURIAM:[*]

    Dwight Lynn Harrill (Harrill), federal prisoner # 17843-077,
was convicted by a jury of conspiracy to distribute and possess
ephedrine knowing and having reasonable cause to believe it would
be used to manufacture methamphetamine.  Harrill was also
convicted of use of a telephone to facilitate a drug transaction
and aiding and abetting in the possession of ephedrine knowing
and having reasonable cause to believe it would be used to
manufacture methamphetamine.  Harrill filed four post-judgment
motions which the district court denied.  Harrill appeals the
denial of these motions.

--------------------

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

Harrill argues that the district court erred in denying his motion to correct an error in the pre-sentence report (PSR) pursuant to FED. R. CRIM. P. 32. The district court correctly denied the motion because it lacked jurisdiction under Rule 32 to consider Harrill's motion. United States v. Engs, 884 F.2d 894, 895 (5th Cir. 1989). Complaints regarding contents of a PSR must be raised prior to the imposition of sentence. Id. Harrill argues in his reply brief that despite Engs, the district court still has the power to issue a *nunc pro tunc* order correcting the error in the PSR. However, this court will not consider issues raised for the first time in a reply brief. United States v. Brown, 305 F.3d 304, 307 n.4 (5th Cir. 2002).

Harrill argues that the district court erred in denying his motion to correct a clerical error in the judgment pursuant to FED. R. CRIM. P. 36. Rule 36 provides that "the court *may* at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission." FED. R. CRIM. P. 36 (emphasis added). Harrill has failed to show how he has been harmed by the error. Therefore, the district court did not abuse its discretion in denying Harrill's Rule 36 motion. United States v. Mueller, 168 F.3d 186, 188 (5th Cir. 1999).

Harrill further argues that the district court abused its discretion in denying his motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2). Harrill's motion was based

upon Amendments 371, 484, and 591 to the United States Sentencing Guidelines. Harrill is not eligible for a reduction in his term of imprisonment pursuant to § 3582(c)(2) because the Amendments he relies upon would not reduce his sentence. 18 U.S.C. § 3582(c)(2); United States v. Towe, 26 F.3d 614, 616 (5th Cir. 1994). Thus, the district court did not abuse its discretion in denying Harrill's § 3582(c)(2) motion.

Harrill also argues that the district court abused its discretion in denying his motion to recuse pursuant to 28 U.S.C. § 455(a). The statements made by the district court that Harrill points to were made at the sentencing hearing. The district court expressed its opinion regarding Harrill's credibility based upon the evidence and events that occurred during the course of the judicial proceedings. Those remarks do not constitute a basis for recusal under § 455(a). Liteky v. United States, 510 U.S. 540, 555 (1994).

AFFIRMED.