# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-50570
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
December 18, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

CHARLES EDWARD JOHNSON,

Defendant-Appellant

Appeals from the United States District Court
for the Western District of Texas
USDC No. 6:07-CR-97

Before JOLLY, DENNIS, and PRADO, Circuit Judges.

PER CURIAM:[*]

Charles Edward Johnson, federal prisoner # 83808-180, seeks to proceed in forma pauperis (IFP) in his appeal from the district court's denial of his 18 U.S.C. § 3582(c)(2) motion to reduce his sentence of 365 months of imprisonment, imposed following his conviction of possession with intent to distribute at least five grams of a mixture or substance containing cocaine base ("crack" cocaine) within 1000 feet of a public elementary school.  *See* 21 U.S.C.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-50570

§ 841(a)(1), (b)(1)(B)(iii) (2006); 21 U.S.C. § 860(a).  By moving to proceed IFP, Johnson is challenging the district court's certification decision that his appeal was not taken in good faith because it is frivolous.  *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997).

Johnson argues that the district court lacked authority to deny him a reduction in his sentence based on his criminal background and abused its discretion in doing so, that the district court could only consider his criminal history to determine the applicable guidelines range to sentence him, that the denial of a sentence reduction in his case creates an unwarranted disparity between his sentence and that of other similarly situated defendants, and that the factors on which the district court relied to sentence him had been considered already in setting the guidelines range.

The district court implicitly determined that Johnson was eligible for the two-level reduction to his base offense level under Amendment 782 to the Sentencing Guidelines.  *See Dillon v. United States*, 560 U.S. 817, 826 (2010).  However, the district court denied Johnson's motion as a matter of discretion, referring specifically to the 18 U.S.C. § 3553(a) sentencing factors of the need "to protect the public from further crimes of the defendant," "the seriousness of the offense, [and the need to] promote respect for the law . . . or afford adequate deterrence to criminal conduct." *United States v. Whitebird,* 55 F.3d 1007, 1010 (5th Cir. 1995).  Johnson's disagreement with the district court's decision fails to show the district court abused its discretion. *See United States v. Henderson*, 636 F.3d 713, 717 (5th Cir. 2011).

Johnson untimely appealed the district court's November 19, 2014, order denying his motion to correct his presentence report, *see* FED. R. APP. P. 4, and timely appealed the district court's June 30, 2015, denial of reconsideration of its order denying the motion to correct the presentence report.  Complaints

regarding the contents of a presentence report must be raised prior to the imposition of sentence and the district court thus lacked jurisdiction to consider Johnson's motion, s*ee United States v. Engs*, 884 F.2d 894, 895-97 (5th Cir. 1989), and this court is without jurisdiction over the appeal of the decision, *see United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000).

As to Johnson's contention that the district court erred in denying his motion to appoint counsel, he was not entitled to appointment of counsel as a matter of right. *See Whitebird*, 55 F.3d at 1011. Further, the interests of justice did not require appointment of counsel to argue for a sentence reduction under *Johnson v. United States*, 135 S. Ct. 2551 (2015), as Johnson urged, because the case is inapplicable to his case. *See Whitebird*, 55 F.3d at 1011. Johnson's vague assertions in support of appointment of counsel in this court likewise reveal no novel, complex, or meritorious issues, and appointment of counsel thus is not warranted in the interests of justice in this court. *See Whitebird*, 55 F.3d at 1011.

Johnson's motion for immediate release, based upon Amendment 782 to the United States Sentencing Guidelines, is unavailing. Amendment 782 did not entitle Johnson to a sentence reduction, and the district court acted within its discretion in denying him a reduction, as we noted above. *See Whitebird*, 55 F.3d at 1010. Johnson's vague challenge to the timeliness of the processing of his appeal fails to identify a specific delay, the underlying reasons for such delay, Johnson's efforts to obtain a speedier resolution, or any prejudice to him from the delay. *See Barker v. Wingo*, 407 U.S. 514 (1972); *Rheuark v. Shaw*, 628 F.2d 297, 302-303 (5th Cir. 1980). Johnson thus fails to show a due process violation from any alleged delay. *See Barker*, 407 U.S. at 531; *Rheuark*, 628 F.2d at 302-03.

No. 15-50570

For these reasons, Johnson has not demonstrated that he will present a nonfrivolous issue with respect to the district court's denial of his § 3582(c)(2) motion. *See Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983). Accordingly, his request for leave to proceed IFP on appeal is DENIED, and the appeal is DISMISSED as frivolous. *See* 5TH CIR. R. 42.2. The motions for appointment of counsel and for immediate release, as well as all other outstanding motions, are likewise DENIED.