# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-50118
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

December 19, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

CHARLES EDWARD JOHNSON,

Defendant-Appellant

Appeals from the United States District Court
for the Western District of Texas
USDC No. 6:07-CR-97-1

Before JOLLY, DAVIS, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Charles Edward Johnson, federal prisoner # 83808-180, who stands convicted of possession with intent to distribute at least five grams of a mixture or substance containing cocaine base, "crack" cocaine, within 1000 feet of a public elementary school, seeks authorization to proceed in forma pauperis (IFP) to challenge the denial of his motions to correct the presentence report (PSR) under Federal Rules of Criminal Procedure 35 and 36.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-50118

By moving to proceed IFP in this court, Johnson challenges the district court's certification that his appeal is not taken in good faith. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997). Johnson argues that, pursuant to Federal Rule of Criminal Procedure 36, the district court should correct his sentence. According to Johnson, the district court violated his due process rights by sentencing him based on false or unreliable information in the PSR regarding his prior arrests and the weight of narcotics attributed to him. Johnson has also filed motions for immediate release, release on bail, and judicial notice.

As the district court determined, the substantive legal errors which Johnson asserts are not the sort of clerical errors amenable to correction under Rule 36. *See Jones v. Anderson-Tully Co.*, 722 F.2d 211, 212 (5th Cir. 1984). Johnson's motions cannot be considered as 28 U.S.C. § 2241 petitions because they did not raise claims that were previously unavailable and were grounded in "a retroactively applicable Supreme Court decision" showing that Johnson "may have been convicted of a nonexistent offense." *Reyes-Requena v. United States*, 243 F.3d 893, 904 (5th Cir. 2001).

To the extent that Johnson challenged the PSR itself, complaints regarding the contents of a presentence report must be raised prior to the imposition of sentence. *See United States v. Engs*, 884 F.2d 894, 895-97 (5th Cir. 1989). Thus, the district court lacked jurisdiction to consider those contentions, *see id.*, and this court is without jurisdiction over the appeal of that decision, *see United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000).

Johnson's claim that his sentence was imposed in violation of the Constitution could have been raised in his original 28 U.S.C. § 2255 motion and, therefore, is successive. *See United States v. Orozco-Ramirez*, 211 F.3d 862, 867 (5th Cir. 2000). Johnson was therefore required to obtain this court's

authorization prior to filing the successive claims, but has failed to do so. *See* § 2255(h); *Key*, 205 F.3d at 774. Even if he had done so, however, his claim does not meet the requirement that it be based on a new rule of constitutional law that applies retroactively or on newly discovered evidence that, if proven, would establish that no reasonable factfinder would have found him guilty. *See* § 2255(h). The district court thus lacked jurisdiction over Johnson's motions and his appeal, therefore, does not raise "legal points arguable on their merits (and therefore not frivolous)." *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983).

This is yet another effort by Johnson to obtain § 2255 relief, raising claims that are repetitive of or similar to claims raised in his prior efforts, in whatever guise, seeking habeas relief. *See In re Johnson*, No. 16-50842 (5th Cir. Oct. 27, 2016); *United States v. Johnson*, No. 16-50673 (pending motion to proceed IFP on appeal); *In re Johnson*, No. 16-50506 (5th Cir. June 8, 2016); *United States v. Johnson*, No. 15-50570 (5th Cir. Dec. 18, 2015); *In re Johnson*, No. 15-50134 (5th Cir. May 29, 2015). In *In re Johnson*, No. 16-50842, we warned Johnson that future frivolous or repetitive requests for authorization to file a successive § 2255 motion will result in the imposition of sanctions, which may include dismissal, monetary sanctions, and restrictions on his ability to file pleadings in this court and any court subject to this court's jurisdiction. We now expand that warning to include any frivolous filings challenging Johnson's conviction or sentence.

IT IS ORDERED that the decision of the district court is AFFIRMED. Johnson's motions for immediate release, release on bail, and judicial notice are DENIED. ALL OUTSTANDING MOTIONS ARE ALSO DENIED. A SANCTION WARNING is ISSUED.