**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Robert Edward TOWE, Defendant–Appellant.**

**No. 94–50081**
**Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.

July 27, 1994.

Robert Edward Towe, pro se.

Richard L. Durbin, Jr., John A. Phinizy, James H. DeAtley, Acting U.S. Attys.,San Antonio, TX, for plaintiff-appellee.

Before GARWOOD, SMITH and DeMOSS, Circuit Judges.

PER CURIAM:

In 1990, Robert Edward Towe pleaded guilty to conspiracy to manufacture amphetamine in violation of 21 U.S.C. § 846. The district court sentenced Towe to 108 months of imprisonment and five years of supervised release. Towe appealed his sentence, arguing, *inter alia,* that the district court erred by grounding his base offense level on the amount of precursor chemicals actually seized by the police, rather than on the amount of amphetamine that the seized chemicals could have produced. This Court found Towe's argument without merit and affirmed the district court's sentence.

In 1992, Towe filed a motion under 28 U.S.C. § 2255, arguing that the district court erred by not reducing his base offense level for acceptance of responsibility. Concluding that Towe's claim "is not cognizable under the limited scope of relief available under § 2255," this Court affirmed the district court's denial of Towe's motion.

In the instant § 2255 motion, Towe attacks his sentence on three grounds. He argues that: (1) he was entitled to be re-sentenced under the retroactive amendment to U.S.S.G. § 2D1.1 involving waste materials used in manufacturing amphetamine; (2) he was entitled to be re-sentenced under the retroactive amendment to § 2D1.1 involving "reverse sting operations"; and (3) the district court erred by not reducing his base offense level for acceptance of responsibility.[1] Following the Government's response to his motion, Towe moved to amend his motion to assert only his first argument.

The district court addressed all three of Towe's arguments. The court concluded that Towe's first two issues were without merit and that Towe's third issue already had been raised and rejected. The court also noted that "Movant demonstrates a tendency to abuse the writ in requesting the same relief again." Towe's motion was dismissed with prejudice. Subsequently, the district court denied as moot Towe's motion to amend his § 2255 motion. This appeal followed.

## *OPINION*

■ The Government argues that Towe's claim is not cognizable in this § 2255 proceeding because a district court's technical application of the Guidelines does not give rise to a constitutional issue. Relief under § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir.1992). Nonconstitutional claims that could have been raised on direct appeal, but were not, may not be asserted in a collateral proceeding.

■ Although Towe's claim that his sentence was calculated incorrectly is not of constitutional dimension, Towe's challenge to his sentence based on the amended § 2D1.1 provision could not have been raised on direct appeal because he was sentenced in 1990, his direct appeal was decided in 1991, and the amended guideline did not go into effect until November 1, 1993. U.S.S.G., App.C, Amd. 484. Therefore, the issue is whether Towe has been subjected to a complete miscarriage of justice by the district court's denial of his § 2255 motion. *Vaughn,* 955 F.2d at 368. Towe's sentence was valid at the time it was rendered. The district court's failure to apply a guideline that was not effective at the time of sentencing does not give rise to a complete miscarriage of justice.

■ However, in a motion to amend his § 2255 motion, Towe requested that his motion be treated as a motion pursuant to 18 U.S.C. § 3582(c)(2). Under § 3582(c)(2), the court may reduce a defendant's term of imprisonment if such a reduction is consistent with the applicable policy statements issued in the Sentencing Guidelines. When a defendant is serving a term of imprisonment, and the Guideline range applicable to that defendant has been lowered as a result of a retroactive amendment, such as Amendment 484, U.S.S.G.App. C, a reduction in the defendant's term of imprisonment may be considered under 18 U.S.C. § 3582(c)(2). *See* U.S.S.G. § 1B1.10, p.s. The district court should have addressed Towe's motion to amend and thus addressed Towe's motion as a motion to modify his sentence pursuant to § 3582(c)(2). *See Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962) (the denial of a motion to amend without substantial reason appearing for the denial is not an exercise of discretion).

Towe argues that Amendment 484, which modified application note 1 to § 2D1.1, requires that he be re-sentenced. He argues that, although Amendment 484 was not effective until November 1, 1993, it is designated to have retroactive effect. The Guidelines provided that Amendment 484 be applied

---

1. Towe does not raise his original issues 2 and 3    on appeal.

retroactively; therefore, it would apply to Towe's 1990 sentence. *See* § 1B1.10, p.s.

Unless otherwise specified, the weight of a controlled substance set forth in the drug equivalency table refers to the entire weight of any mixture or substance containing a detectable amount of a controlled substance. § 2D1.1(c). Prior to 1993, § 2D1.1(c), comment. (n. 1.) provided that a "mixture or substance" had the same meaning as that in 21 U.S.C. § 841 (prohibiting the manufacture of controlled substance). This Court interpreted application note 1 to allow the calculation of a base offense by using the weight of a mixture containing a small amount of controlled substance. *See United States v. Sherrod*, 964 F.2d 1501, 1509 (5th Cir.1992), *cert. denied,* —— U.S. ——, 113 S.Ct. 832, 121 L.Ed.2d 701 (1992), —— U.S. ——, 113 S.Ct. 1367, 122 L.Ed.2d 745 (1993), —— U.S. ——, 113 S.Ct. 1422, 122 L.Ed.2d 791 (1993), *cert. dismissed,* —— U.S. ——, 113 S.Ct. 834, 122 L.Ed.2d 111 (1992).

Amendment 484 altered application note 1 to provide that a "[m]ixture or substance does not include materials that must be separated from the controlled substance before the controlled substance can be used." § 2D1.1, comment, n. (1). Noting that the amendment addressed an inter-circuit conflict regarding the meaning of the term "mixture or substance," as used in § 2D1.1, the Guidelines indicate that waste products which are used to remove impurities or form the precipitate of a controlled substance are not to be used in calculating the base offense level. Amendment 484, U.S.S.G. App. C (1993) (citing *Sherrod,* 964 F.2d at 1509).

▎ Towe argues that he was "arrested in an illicit drug laboratory with a flask containing 28.26 pounds of a mixture or substance containing 12.00 percent phenylacetone (1,538.2438 grams). The other 88.00 percent of the mixture or substance was waste water and waste by-products of the manufacturing process (weighing 24.8688 pounds) that were not controlled or marketable substances[.]" The Government argues that Amendment 484 does not apply to the facts of Towe's case because, although chemicals such as formic acid, formaldehyde, and hydrochloric acid were present "in this case," they were not included in determining the quantity of drugs possessed. The district court agreed, concluding that the 28.26 pounds of substance upon which Towe's offense level was based did not contain any additive chemicals. However, this Court's opinion addressing Towe's direct appeal supports Towe's claim that the total weight of the substance was considered, despite the presence of waste materials. Although this Court stated that Towe's offense level was based "on the 28.26 pounds of phenylacetone actually seized," this Court cited authority holding that "in most cases where a compound containing a detectable amount of controlled substance has been seized, the total weight of this compound will be considered." *See United States v. McKeever,* 906 F.2d 129, 133 (5th Cir.1990), *cert. denied,* 498 U.S. 1070, 111 S.Ct. 790, 112 L.Ed.2d 852 (1991).

This Court has not yet interpreted the application of Amendment 484. Since the Amendment is applicable to the present case, Towe's sentence would not be proper if based on an amount of mixture which contained waste products. *See* § 2D1.1, comment. (n. 1). However, it is unclear whether Towe was sentenced based on 28.26 pounds of phenylacetone, or based on 28.26 pounds of a substance containing only 12.00 percent phenylacetone. The presentence report (PSR) states simply that the total amount of drugs consisted of 28.26 pounds of phenylacetone, and the transcript of the sentencing hearing is contradictory.

Under these circumstances, we believe justice will be best served by vacating the district court's judgment and remanding the case with directions to grant the motion to amend and thus to address the § 3582(c)(2) motion. The district court should then determine the actual amount of controlled substance upon which the sentence was based in light of the application of Amendment 484.

The order dismissing Towe's § 2255 motion is VACATED, and the case is REMANDED to the district court.