**UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

No. 95-30490
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

VERSUS

ROBERT JOSEPH KNIGHT,

Defendant-Appellant.

Appeal from the United States District Court
For the Western District of Louisiana
(93-CA-2148)

February 13, 1996

Before WIENER, PARKER and DENNIS, Circuit Judges.

PER CURIAM:[1]

Appellant Robert Joseph Knight ("Knight") appeals the district court's denial of his 28 U.S.C. § 2255 motion. We affirm.

FACTS AND DISTRICT COURT PROCEEDINGS

Officers executing a search warrant at a house outside Lafayette, Louisiana, found a chemical distillation unit, glassware, chemistry textbooks, handwritten "recipes" for

---

[1]Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

phenylacetone and methamphetamine, and chloracetone (a precursor chemical to phenylacetone). Knight was arrested during the raid. Knight's briefcase contained drug paraphernalia and more handwritten instructions for manufacturing methamphetamine. No methamphetamine was found.

Knight, Juan Lee Lopez, Leslie McBride, and Stephen Sheets were charged with conspiracy to manufacture phenylacetone and methamphetamine and possession of a firearm in relation to a narcotics offense. McBride and Sheets pleaded guilty to conspiracy and testified against Knight and Lopez.

McBride and Sheets testified that Knight and Lopez had solicited McBride (who had some knowledge of chemistry) to "cook" approximately six ounces of methamphetamine. Sheets agreed to allow McBride to "cook" the substance at Sheets' house. Lopez provided the money to purchase the necessary chemicals and glassware and agreed to distribute the finished methamphetamine. Knight provided the "recipe" for making methamphetamine.

Government chemist Leo Polte testified that the illicit laboratory had the capacity to manufacture approximately 150 grams or six ounces of methamphetamine.[2] The jury convicted Knight and Lopez of conspiracy to manufacture phenylacetone and methamphetamine.

The probation officer calculated that Knight's base offense level was 26 because the offense involved more than 100 but less than 400 grams of methamphetamine. Knight objected based on the

---

[2] Six ounces is actually 186.6 grams.

fact that no drugs had been seized. The district court held that it was proper to estimate the quantity of drugs involved in the conspiracy based on the capacity of the laboratory. The court then accepted the probation officer's determination that Knight's base offense level was 26. The district court granted a two-level reduction for acceptance of responsibility and imposed a 77-month sentence.

On direct appeal, this court affirmed the district court's determination of the quantity of drugs involved in the offense. We affirmed the convictions but vacated Knight's sentence and remanded for a determination of whether he was entitled to a reduction in offense level for acceptance of responsibility. On remand, the district court found that Knight had not accepted responsibility and sentenced Knight to a term of 92-months' imprisonment. This court affirmed the sentence.

Knight filed an amended 28 U.S.C. § 2255 motion alleging (1) that counsel was ineffective at sentencing for failing to challenge the Government's proof of the type of methamphetamine involved in the offense; (2) that his sentence violates principles of due process because the Government failed to prove that the conspiracy involved d-methamphetamine as opposed to l-methamphetamine; and (3) that he is entitled to be resentenced based upon the retroactive application of an amendment to the application notes to U.S.S.G. § 2D1.1.

A magistrate judge determined that Knight was not entitled to § 2255 relief and recommended that the district court deny the

3

motion. In untimely objections to the magistrate judge's report, Knight argued, *inter alia*, that the magistrate judge had erred by rejecting his argument that counsel had been ineffective at sentencing for failing to object to the lack of proof that the conspiracy involved d-methamphetamine. After an independent review of the record, the district court accepted the findings and conclusions of the magistrate judge and denied the § 2255 motion. The court did not address Knight's objections to the magistrate judge's recommendation.

RETROACTIVE APPLICATION OF GUIDELINE AMENDMENTS

Knight argues that he is entitled to have his sentence recomputed based upon the retroactive application of Amendment 484 to § 2D1.1. Amendment 484 became effective November 1, 1993, and it applies retroactively. *See United States v. Towe*, 26 F.3d 614, 616 (5th Cir. 1994); U.S.S.G. § 1B1.10(c). Knight was resentenced in August 1992, and this court affirmed his sentence in June 1993. Because Amendment 484 had not become effective when Knight was resentenced, Knight should have raised this argument in a motion pursuant to 18 U.S.C. § 3582(c)(2), rather than a § 2255 motion. *See Towe*, 26 F.3d at 616. Section 3582(c)(2) allows a court to reduce a defendant's sentence if the term of imprisonment was based on a guideline range that subsequently has been lowered and such a reduction would be consistent with the applicable policy statements in the guidelines. *Id*. The district court recognized that a § 2255 motion was not the proper vehicle to raise this issue but,

4

"for the sake of completeness," it addressed and rejected the merits of Knight's argument.

In the interest of judicial economy and because the Government does not object and the argument is obviously without merit, we will proceed as if Knight had raised this argument in a § 3582(c)(2) motion. *See United States v. Mimms*, 43 F.3d 217, 219-20 (5th Cir. 1995).

Reduction of a defendant's sentence pursuant to § 3582(c)(2) is discretionary, and this court reviews a district court's refusal to lower a defendant's sentence for abuse of discretion. *United States v. Shaw*, 30 F.3d 26, 28 (5th Cir. 1994). The district court's factual findings in a § 3582(c)(2) proceeding are reviewed for clear error. *Mimms*, 43 F.3d at 220.

Amendment 484 provides that waste materials should be excluded in determining the quantity of a controlled substance on which the defendant's sentence is based. *See United States v. Allison*, 63 F.3d 350, 351-52 (5th Cir.), *cert. denied*, 116 S. Ct. 405 (1995). Although Amendment 484 applies retroactively, it is irrelevant to Knight's sentence because his sentence was based, not on an actual quantity of drugs which may have contained waste materials, but on the estimated production capacity of the illicit laboratory. *Id.* at 352-53.

STANDARD OF REVIEW OF DENIAL OF SECTION 2255 MOTION

Section 2255 identifies four specific grounds upon which a federal prisoner may move to vacate, set aside, or correct his sentence: the sentence was imposed in violation of the

5

Constitution or laws of the United States; the court was without jurisdiction to impose the sentence; the sentence exceeds the statutory maximum sentence; or the sentence is "otherwise subject to collateral attack."  28 U.S.C. § 2255; *see United States v. Cates*, 952 F.2d 149, 151 (5th Cir.), *cert. denied*, 504 U.S. 962 (1992).

A defendant who has been convicted and has exhausted or waived his right to appeal is presumed to have been "fairly and finally convicted." *United States v. Shaid*, 937 F.2d 228, 231-32 (5th Cir. 1991) (en banc) (citation omitted), *cert. denied*, 502 U.S. 1076 (1992).  Therefore, a defendant who raises a constitutional or jurisdictional issue for the first time on collateral review must show "both `cause' for his procedural default, and `actual prejudice' resulting from the error." *Id*. at 232 (quoting *Frady*, 456 U.S. at 168).  The only exception to the cause and prejudice test is the "extraordinary case . . . in which a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Id*. at 232 (internal quotations and citation omitted).  The Government must invoke the procedural bar in the district court, however. *United States v. Drobny*, 955 F.2d 990, 994-95 (5th Cir. 1992).  The Government argued in the district court that Knight's motion is procedurally barred.

In reviewing a district court's denial of a § 2255 motion, we review the district court's factual findings for clear error and we review questions of law *de novo*. *United States v. Seyfert*, 67 F.3d 544, 546 (5th Cir. 1995).

6

DUE PROCESS

Knight contends that his sentence violates principles of due process because the Government failed to prove that the object of the conspiracy was d-methamphetamine rather than l-methamphetamine.[3] Knight could have, but did not raise this argument on direct appeal. Although he couches his argument as a due process claim, this court has determined that it is not an issue of constitutional or jurisdictional magnitude and, thus, may not be raised for the first time in a § 2255 motion. *United States v. Seyfert*, 67 F.3d 544, 546 (5th Cir. 1995); *United States v. Acklen*, 47 F.3d 739, 742 n.4 (5th Cir. 1995).

Because Knight's due process claim does not fall within one of the categories of claims cognizable on federal habeas corpus, we need not reach the cause and prejudice analysis.

INEFFECTIVE ASSISTANCE OF COUNSEL

Knight contends that his counsel was ineffective at sentencing for failing to raise the issue of whether he should be sentenced based on d-methamphetamine or l-methamphetamine. The district court denied relief on the dual grounds that Knight had failed to establish that his counsel's performance was objectively unreasonable or that he would have received a lesser sentence if counsel had questioned the type of methamphetamine involved in the offense. The court discussed the difference between d-

---

[3] For sentencing purposes, the guidelines treat offenses involving d-methamphetamine much more severely than those involving l-methamphetamine. *See United States v. Bogusz*, 43 F.3d 82, 88 (3d Cir. 1994), *cert. denied*, 115 S. Ct. 1812 (1995).

methamphetamine and l-methamphetamine, citing *United States v. Lande*, 40 F.3d 329 (10th Cir. 1994), *cert. denied*, 115 S. Ct. 1988 (1995). The Tenth Circuit concluded that clandestine laboratories are generally designed to produce d-methamphetamine because l-methamphetamine has little or no physiological effect. The court determined that there was "no reasonable probability that the methamphetamine laboratory in question was in the business of manufacturing an inert drug with little or no street value."

This court has noted that l-methamphetamine "`produces little or no physiological effect when ingested,'" *Acklen*, 47 F.3d at 742, *(quoting United States v. Bogusz*, 43 F.3d 82, 98 (3d Cir. 1994)), and "question[ed] why anyone would set up a laboratory to produce l-methamphetamine," *Allison*, 63 F.3d at 353 n.7. However, in *Acklen*, we held that counsel's failure at sentencing to challenge the type of methamphetamine involved in the offense was not objectively reasonable as a matter of law. *Acklen*, 47 F.3d at 743. Drugs were seized from Acklen's laboratory, and Acklen alleged that a lab report not introduced into evidence identified the relevant isomer of methamphetamine. *Id*. at 741-42. The court stated that "merely reading the commentary" to the sentencing guidelines would have alerted counsel to the fact that this issue could have a "potentially significant impact on sentencing."[4] *Id*. In *Acklen*, the court remanded to give the defendant an opportunity to "tender

---

[4]When both Acklen and Knight were sentenced, this court had not yet addressed the issue in a published opinion, but at least one other circuit had done so. *See Acklen*, 47 F.3d at 741, 743 & n.7.

some specific, verified basis or evidence, beyond his mere naked assertion, that the drug was in fact l-methamphetamine." *Id*. at 744. The court stated that such a showing could entitle Acklen to discovery and an evidentiary hearing on his ineffective-assistance-of-counsel claim. *Id*.

No methamphetamine was actually seized in this case; instead, the court sentenced Knight based on a chemist's estimate of the production capacity of his laboratory which did not specify which type of methamphetamine the laboratory would have produced.

While Knight has stated a cognizable constitutional claim for ineffective assistance of counsel, we must affirm the denial of Knight's § 2255 motion because Knight cannot establish that he was prejudiced by counsel's failure to object to the lack of proof of the type of methamphetamine involved. *See United States v. Walker*, 68 F.3d 931, 933-34 (5th Cir. 1995) (§ 2255 case affirmed on the ground that the defendant was unable as a matter of law to show prejudice from counsel's failure to object to an allegedly incorrect laboratory report). The district court's determination that it was implicit that the chemist's testimony referred to d-methamphetamine because there is no reason for an illicit laboratory to manufacture l-methamphetamine is not clearly erroneous. *See Allison*, 63 F.3d at 353 n.7; *Acklen*, 47 F.3d at 742; *see also Lande*, 40 F.3d at 330 (citing expert testimony that in 26 combined years of experience, chemists had never encountered a clandestine laboratory designed to produce pure l-methamphetamine). Therefore, counsel's failure to raise the d-

methamphetamine/l-methamphetamine sentencing issue did not prejudice Knight.

CONCLUSION

For the foregoing reasons, we affirm the district court's denial of Knight's § 2255 motion.

AFFIRMED.