IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 95-50474
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RONALD LADD FALDYN,

Defendant-Appellant.

_____

Appeal from the United States District Court for the
Western District of Texas
(A-90-CR-79)
_____

May 08, 1996

Before JOLLY, JONES, and STEWART, Circuit Judges.

PER CURIAM:[*]

Ronald Ladd Faldyn appeals the district court's denial of his
motion for a reduction of sentence pursuant to 18 U.S.C. §
3582(c)(2) and U.S.S.G. § 1B1.10.  We affirm.

Pursuant to a plea agreement, Faldyn pleaded guilty to two
offenses:  maintaining a place for manufacturing methamphetamine in
violation of 21 U.S.C. 856(A)(1); and endangering human life while
illegally manufacturing methamphetamine in violation of 21 U.S.C.
§ 858.  The district court sentenced Faldyn to concurrent prison

_____

[*]Pursuant to Local Rule 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in Local Rule 47.5.4.

terms of 150 months for the first offense and 120 months for the second. Faldyn's prison sentence constituted a significant downward departure of seven levels from Faldyn's original sentencing range under the United States Sentencing Guidelines ("U.S.S.G." or the "Guidelines"). This reduction was attributable to Faldyn's acceptance of responsibility and his post-arrest cooperation with the government. U.S.S.G. §§ 3E1.1, 5K1.1(a).

Faldyn appealed his sentence, and this court affirmed. United States v. Faldyn, No. 91-81813, slip op. (5th Cir. Nov. 21, 1991). We noted in our decision that, under the Guidelines, the district court should have used a sentencing range of 151-188 months in sentencing Faldyn. However, the court mistakenly used a lower range of 135-168 months in arriving at Faldyn's 150-month prison term.

Faldyn later filed a motion with the district court for a reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(2)[1] and

---

[1]Section 3582(c)(2) provides in pertinent part:

**(c) Modification of an imposed term of imprisonment.**
. . .

(2) in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered . . . the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2).

U.S.S.G. § 1B1.10.[2]  In his motion, Faldyn asked the court to reduce his 150-month prison sentence to 30 months because of the retroactive effect of Amendment 484[3] to the Guidelines.  Faldyn claimed that he was eligible for resentencing under Amendment 484, which would require a recalculation of his sentence based upon the actual amount of methamphetamine (excluding any manufacturing byproducts such as waste water) that was seized from him.  Faldyn maintained that he was sentenced for 14.8 kilograms of controlled substances that contained only trace amounts of methamphetamine and

---

[2]U.S.S.G. § 1B1.10 provides in pertinent part:

**§ 1B1.10. <u>Retroactivity of Amended Guideline Range</u> (Policy Statement)**

(a)  Where a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual ... a reduction in the defendant's term of imprisonment is authorized under 18 U.S.C. § 3582(c)(2). ... (b) In determining whether, and to what extent, a reduction in sentence is warranted for a defendant eligible for consideration under 18 U.S.C. § 3582(c)(2), the court should consider the sentence that it would have imposed had the amendment(s) to the guidelines ... been in effect at the time the defendant was sentenced.

U.S.S.G. § 1B1.10.

[3]Amendment 484 modified the Commentary to § 2D1.1 of the Guidelines in order to address an inter-circuit conflict regarding the meaning of the term "mixture or substance."  In pertinent part, the new language added to the Commentary provides:  "Mixture or substance does not include materials that must be separated from the controlled substance before the controlled substance can be used.  Examples of such materials include ... waste water from an illicit laboratory used to manufacture a controlled substance." Amendment 484, U.S.S.G. App. C (1995).

consisted primarily of manufacturing byproducts. According to Faldyn, a quantitative analysis of the seized substances had never been performed. He therefore asked that the actual amounts of methamphetamine be established by the district court at a resentencing.

The district court, without calculating the sentence that Faldyn would have received if Amendment 484 had been in place when Faldyn was originally sentenced and without conducting a hearing, denied Faldyn's motion for a reduction of sentence. United States v. Faldyn, No. A-90-CR-079(6) (W.D. Tex. June 9, 1995) (order denying motion for reduction of sentence is referred to hereinafter as the "Order").

On appeal, Faldyn argues that the district court abused its discretion in denying his motion for reduction by (1) refusing to hold an evidentiary hearing to compute the actual quantity of methamphetamine contained in the substances that were seized; and (2) failing to consider the sentence that would have been imposed if Amendment 484 had been in effect at the time that Faldyn was originally sentenced. See 18 U.S.C. § 3582(c)(2); U.S.S.G. § 1B1.10.

The decision to reduce a sentence under 18 U.S.C. § 3582(c)(2) is discretionary, and we therefore review the district court's decision only for an abuse of that discretion. United States v. Shaw, 30 F.3d 26, 28 (5th Cir. 1994). Our review of this record reveals no such abuse.

Our court has previously explained that section 3582(c)(2) permits a district court to reduce a defendant's sentence where the term of imprisonment was originally based on a Guideline range that was subsequently lowered, and where the reduction would be consistent with the applicable policy statements in the Guidelines. United States v. Towe, 26 F.3d 614, 616 (5th Cir. 1994). The statute also directs the district court to consider the factors enumerated in 18 U.S.C. § 3553(a), which include: the nature and the circumstances of the offense and the history and characteristics of the defendant; the need for the sentence imposed to reflect the seriousness of the offense and to protect the public from further crimes of the defendant; the kinds of sentences available; any pertinent Guidelines policy statement; and the need to avoid unwarranted sentencing disparities among defendants with similar records found guilty of similar conduct. 18 U.S.C. § 3553(a); United States v. Whitebird, 55 F.3d 1007, 1009 (5th Cir. 1995). Our court has further explained that Amendment 484 of the Guidelines effectively reduced certain sentencing ranges by excluding from a controlled substance's weight those substances, such as waste water, that must be separated out before the drug can be used. United States v. Bergman, No. 94-20878, slip op. at 2 (5th Cir. Sept. 20, 1995); see also Amendment 484, U.S.S.G. App. C (1995); U.S.S.G. § 2D1.1, comment (n.1) (1995).

Neither the district court in its Order nor the government on appeal dispute Faldyn's eligibility for a reduction of sentence

under Amendment 484.  Indeed, the district court's Order expressly acknowledges Faldyn's argument that he is eligible for a sentence reduction under Amendment 484 because waste water was used in calculating Faldyn's base offense level.  Order at 2.  The district court, however, declined to exercise its discretion to reduce Faldyn's sentence in the light of its application of the section 3553(a) factors to the facts of Faldyn's case.  After performing a factual inquiry that included a review of the presentence investigation report and the complete record of this case, the district court specifically noted that Faldyn was involved with many other persons in the manufacture and distribution of multi-pound quantities of methamphetamine and that his criminal history reflected that he had been involved in the manufacture of methamphetamine on other occasions.  The district court concluded that Faldyn's sentence was necessary to reflect the seriousness of his offense, promote respect for the law, provide just punishment, afford adequate deterrence, and protect the public from further crimes that Faldyn might commit.

We agree with the district court that on this record the section 3553(a) factors compel a conclusion that no reduction is warranted in Faldyn's case.  We are further persuaded, in the light of these compelling factors, that a hearing to determine the actual amount of methamphetamine contained in the seized substances and a recalculation of Faldyn's sentence under the new Guidelines would be a meaningless exercise and would serve no purpose consistent

with the overall goals and policies of the Guidelines. Even if such a hearing were to result in a determination that Faldyn's base level under Amendment 484 would be lower than the already-reduced sentence that he originally received, the district court would still be required under section 3582(c)(2) to consider the applicable section 3553(a) factors. Thus, based on the district court's assumption of Faldyn's eligibility for a reduction of his sentence under Amendment 484 and based on the section 3553(a) factors that it has already articulated in its Order, the district court would justifiably decline to reduce Faldyn's sentence notwithstanding the results of a hearing or a sentence recalculation.[4]

---

[4]Our holding today does not contravene our holding in a prior unpublished opinion, United States v. Bergman, No. 94-20878, slip op. (5th Cir. Sept. 20, 1995). In Bergman, we remanded to the district court for a determination of the actual amount of phenylacetone (a precursor chemical necessary for the manufacture of methamphetamine) present in the controlled substance that was seized from the defendant because the actual amount was in doubt and that amount had been the primary factor in determining the defendant's sentence range. On the facts of the Bergman case, we held that it was an abuse of discretion to deny a section 3582(c)(2) motion without further factual inquiry. Id. at 3. Unlike Bergman, the district court in this case acknowledged Faldyn's argument that the actual amount of methamphetamine was in doubt and that waste water was used in calculating his base sentence; the court then proceeded to perform the necessary factual inquiry. The district court reviewed Faldyn's entire record and analyzed the relevant statutory factors listed in 18 U.S.C. § 3553(a). The district court's factual inquiry and resulting legal conclusions clearly support its decision to deny any further reduction of Faldyn's sentence.

The district court's judgment is therefore

A F F I R M E D.