IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 95-50497
Summary Calendar
_____


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

KIM ALLEN SAUNDERS,

Defendant-Appellant.

_____

Appeal from the United States District Court for the
Western District of Texas
(A-91-CR-79)
_____


May 21, 1996

Before JOLLY, JONES, and STEWART, Circuit Judges.

PER CURIAM:[*]

    Kim Allen Saunders appeals the district court's denial of his
motion for a reduction of sentence pursuant to 18 U.S.C. §
3582(c)(2) and U.S.S.G. § 1B1.10.  We affirm.

    Pursuant to a plea agreement, Saunders pleaded guilty to
conspiracy to possess methamphetamine with the intent to distribute
in violation of 21 U.S.C. § 846.  He was sentenced to 110 months in
prison, five years' supervised release, and a $50 special

    [*]Pursuant to Local Rule 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in Local Rule 47.5.4.

assessment.  This sentence constituted a significant downward departure of four levels from Saunders's original sentencing range under the United States Sentencing Guidelines ("U.S.S.G." or the "Guidelines").  The government requested the initial sentence reduction under U.S.S.G. § 5K1.1(a) because of Saunders's post-arrest cooperation.  Saunders later petitioned the court for a reduction of sentence pursuant to Amendment 484 to the Guidelines. This amendment modified the procedure for calculating the quantity of methamphetamine used in establishing base offense levels.  See U.S.S.G. § 2D1.1.  In an order dated June 9, 1995 (the "Order"), the district judge denied Saunders's motion without a hearing.

Relying on 18 U.S.C. § 3582(c)(2)[1] and U.S.S.G. § 1B1.10,[2] Saunders argues on appeal that the district court abused its discretion because the court (1) failed to consider the sentence that it would have imposed had Amendment 484 to the Guidelines been in effect at the time of Saunders's sentencing; and (2) did not hold a hearing to determine the exact amount of phenylacetone

---

[1]Section 3582(c)(2) provides in pertinent part:

**(c) Modification of an imposed term of imprisonment.**
. . .

(2) in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered . . . the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2).

[2]U.S.S.G. § 1B1.10 provides in pertinent part:

**§ 1B1.10. <u>Retroactivity of Amended Guideline Range</u> (Policy Statement)**

(a)    Where a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual ... a reduction in the defendant's term of imprisonment is authorized under 18 U.S.C. § 3582(c)(2). ... (b) In determining whether, and to what extent, a reduction in sentence is warranted for a defendant eligible for consideration under 18 U.S.C. § 3582(c)(2), the court should consider the sentence that it would have imposed had the amendment(s) to the guidelines ... been in effect at the time the defendant was sentenced.

U.S.S.G. § 1B1.10.

("P2P") present in the controlled substance that was seized from Saunders, which the court should have done to determine the proper sentence under Amendment 484.

The decision to reduce a sentence under 18 U.S.C. § 3582(c)(2) is discretionary, and we therefore review the district court's decision only for an abuse of that discretion. United States v. Shaw, 30 F.3d 26, 28 (5th Cir. 1994). Our review of this record reveals no such abuse.

Our court has previously explained that section 3582(c)(2) permits a district court to reduce a defendant's sentence where the term of imprisonment was originally based on a Guideline range that was subsequently lowered, and where the reduction would be consistent with the applicable policy statements in the Guidelines. United States v. Towe, 26 F.3d 614, 616 (5th Cir. 1994). The statute also directs the district court to consider the factors enumerated in 18 U.S.C. § 3553(a), which include: the nature and the circumstances of the offense and the history and characteristics of the defendant; the need for the sentence imposed to reflect the seriousness of the offense and to protect the public from further crimes of the defendant; the kinds of sentences available; any pertinent Guidelines policy statement; and the need to avoid unwarranted sentencing disparities among defendants with similar records found guilty of similar conduct. 18 U.S.C. § 3553(a); United States v. Whitebird, 55 F.3d 1007, 1009 (5th Cir. 1995). Our court has further explained that Amendment 484 of the

Guidelines effectively reduced certain sentencing ranges by excluding from a controlled substance's weight those substances, such as waste water, that must be separated out before the drug can be used.  United States v. Bergman, No. 94-20878, slip op. at 2 (5th Cir. Sept. 20, 1995); see also Amendment 484, U.S.S.G. App. C (1995); U.S.S.G. § 2D1.1, comment (n.1) (1995).

Neither the district court in its Order nor the government on appeal dispute Saunders's eligibility for a reduction of sentence under Amendment 484.  Indeed, the district court's Order expressly acknowledges Saunders's argument for a sentence reduction under Amendment 484.  The district court, however, declined to exercise its discretion to reduce Saunders's sentence in the light of its application of the section 3553(a) factors to the facts of Saunders's case.  After performing a factual inquiry that included a review of the presentence investigation report and the complete record of this case, the district court specifically noted that Saunders was an organizer of a major drug conspiracy, that he had prior criminal convictions for possession of methamphetamine and that previous judicial intervention had had little effect upon Saunders's criminal activities.  The district court concluded that a reduction of Saunders's sentence would minimize the seriousness of his offense and that the original sentence was necessary to promote respect for the law, to provide just punishment for the offense, to afford adequate deterrence to criminal conduct and to

protect the public from further crimes that might be committed by Saunders.

We agree with the district court that on this record the section 3553(a) factors compel a conclusion that no reduction is warranted in Saunders's case. We are further persuaded, in the light of these compelling factors, that a hearing to determine the actual amount of P2P contained in the seized substance and a recalculation of Saunders's sentence under the new Guidelines would be a meaningless exercise and would serve no purpose consistent with the overall goals and policies of the Guidelines. Even if such a hearing were to result in a determination that Saunders's base level under Amendment 484 would be lower than the reduced sentence that he originally received, the district court would still be required under section 3582(c)(2) to consider the applicable section 3553(a) factors. Thus, based on the district court's assumption that Saunders was eligible for a reduction in his sentence under Amendment 484 and based on the section 3553(a) factors that it has already articulated in its Order, the district court would justifiably decline to reduce Saunders's sentence notwithstanding the results of a hearing or a sentence recalculation.[3]

---

[3]Our holding today does not contravene our holding in a prior unpublished opinion, United States v. Bergman, No. 94-20878, slip op. (5th Cir. Sept. 20, 1995). In Bergman, we remanded to the district court for a determination of the actual amount of P2P present in the controlled substance that was seized from the defendant because the actual amount was in doubt and that amount

The district court's judgment is therefore

A F F I R M E D.

---

had been the primary factor in determining the defendant's sentence range.  On the facts of the <u>Bergman</u> case, we held that it was an abuse of discretion to deny a section 3582(c)(2) motion without further factual inquiry.  <u>Id.</u> at 3.  Unlike <u>Bergman</u>, the district court in this case acknowledged Saunders's argument that the actual amount of P2P was in doubt and then proceeded to perform the necessary factual inquiry.  The district court reviewed Saunders's entire record and analyzed the relevant statutory factors listed in 18 U.S.C. § 3553(a).  The district court's factual inquiry and resulting legal conclusions clearly support its decision to deny any further reduction of Saunders's sentence.