# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 24, 2013

No. 13-40575
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff–Appellee,

v.

MELVIN BRADLEY BOUTTE,

Defendant–Appellant.

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:07-CR-50-1

Before WIENER, OWEN, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Melvin Bradley Boutte, federal prisoner # 13611-035, appeals the denial of his "Motion for Plain Error Review Sua Sponte," challenging his sentence of 87 months of imprisonment imposed following his guilty-plea conviction of felon in possession of a firearm. *See* 18 U.S.C. § 922(g)(1). Boutte argued in his motion that § 2K2.1 of the Guidelines forbids enhancing a sentence based on a prior offense when that same offense was used as relevant conduct in determining the advisory guidelines range in an earlier, separate prosecution.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

He raised this same argument previously in a motion to reduce his sentence pursuant to 28 U.S.C. § 3582(c)(2).  The district court denied that motion and denied the instant motion for the same reasons.

Although Boutte cited Rule 52(b) of the Federal Rules of Criminal Procedure as the basis for his motion, that rule merely provides that a plain error may be corrected if it affects substantial rights, which implicates the appellate standard of review.  *See Henderson v. United States*, 133 S. Ct. 1121, 1126 (2013).  To the extent the motion could be construed as seeking reconsideration of the district court's denial of his § 3582(c)(2) motion, it was untimely, because a reconsideration motion in a criminal case must be filed within the period to file a notice of appeal.  *See* FED. R. APP. P. 4(b)(1)(A)(i).  Further, Boutte's challenge to the calculation of his sentence under the Guidelines could not be considered in a 28 U.S.C. § 2255 motion as it asserts a nonconstitutional error that could have been raised on direct appeal.  *See United States v. Towe*, 26 F.3d 614, 616 (5th Cir. 1994).  Even if Boutte's motion could be construed as a § 2255 motion, the district court would have lacked jurisdiction to consider it because Boutte previously filed a § 2255 motion, and this court has not authorized him to file a successive § 2255 motion.  *See Hooker v. Sivley*, 187 F.3d 680, 681-82 (5th Cir. 1999); 28 U.S.C. § 2244(b)(3)(A).  He likewise cannot raise his claim in a 28 U.S.C. § 2241 motion.  *See Reyes-Requena v. United States*, 243 F.3d 893, 901-04 (5th Cir. 2001).

Boutte has "appealed from the denial of a meaningless, unauthorized motion." *United States v. Early*, 27 F.3d 140, 142 (5th Cir. 1994).  Therefore, we AFFIRM the judgment of the district court on this alternative basis. *See id.* The Government's Motion for Summary Affirmance, or, Alternatively, for an Extension of Time Within Which to File a Brief, is DENIED.